IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00572-BNB

ALVIN ABDULLAH MUSTAFA,

    Applicant,

v.

SUSAN JONES, Warden, C.S.P./C.C.F., and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Alvin Abdullah Mustafa is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Mustafa has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Douglas County District Court case number 03CR638.

On April 24, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 26, 2009, Respondents filed their Pre-Answer Response. On June 9, 2009, Mr. Mustafa filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Mustafa liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Mustafa agreed to plead guilty to one count of theft. On June 2, 2005, he was sentenced to nine years in prison and five years of mandatory parole. He did not file a direct appeal.

Mr. Mustafa has filed two postconviction motions in the trial court relevant to his conviction and sentence. On October 5, 2005, he filed a motion for reconsideration and sentence reduction that was denied by the trial court on October 26, 2005. Mr. Mustafa did not appeal from the trial court's October 26, 2005, order.

On November 7, 2007, Mr. Mustafa filed a motion to correct an illegal sentence pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure that was denied by the trial court on December 14, 2007. On October 30, 2008, the Colorado Court of Appeals affirmed the denial of the Rule 35(a) motion and on February 9, 2009, the Colorado Supreme Court denied Mr. Mustafa's petition for writ of certiorari in the postconviction Rule 35(a) proceedings. The Court received the instant action for filing on March 10, 2009.

Mr. Mustafa asserts three claims for relief. He first claims that his constitutional rights were violated and the trial court lacked subject matter jurisdiction over his criminal case because the Colorado statute he was convicted of violating is published without an enacting clause. Mr. Mustafa alleges in his second claim that the Colorado Court of

Appeals erred in relying on **People v. Washington**, 969 P.2d 788 (Colo. Ct. App. 1998), to affirm the denial of his postconviction Rule 35(a) motion. Mr. Mustafa's third claim is similar to his first claim. He contends in his third claim that the trial court lacked jurisdiction over him because the statute he was convicted of violating was not the law of the State of Colorado either when the alleged crime was committed or when the criminal complaint was filed against him.

The Court first will address Mr. Mustafa's second claim for relief, in which he challenges the reasoning used by the Colorado Court of Appeals to affirm the denial of his postconviction Rule 35(a) motion. A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." **Sellers v. Ward**, 135 F.3d 1333, 1339 (10th Cir. 1998); **see also Steele v. Young**, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Such a claim fails to raise a cognizable federal constitutional issue because there is no federal constitutional right to postconviction review in the state courts. **See Pennsylvania v. Finley**, 481 U.S. 551, 557 (1987). Therefore, Mr. Mustafa's second claim, which relates only to the state court postconviction proceedings and not the judgment of conviction itself, will be dismissed for failure to raise a cognizable federal constitutional issue.

Respondents first argue in their Pre-Answer Response that this action is untimely and barred by the one-year limitation period in 28 U.S.C. § 2244(d). That

statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Mustafa's criminal case became final. Because Mr. Mustafa did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Pursuant to Rule 4(b) of

4

the Colorado Appellate Rules, Mr. Mustafa had forty-five days to file a notice of appeal after he was sentenced on June 2, 2005. Therefore, the Court finds that Mr. Mustafa's conviction became final on July 18, 2005.[1]

Mr. Mustafa does not allege that he was prevented by unconstitutional state action from filing this action sooner, see 28 U.S.C. § 2244(d)(1)(B), and he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, see 28 U.S.C. § 2244(d)(1)(C). Mr. Mustafa does assert in his reply to the Pre-Answer Response that he filed his postconviction Rule 35(a) motion as soon as he discovered that he was being held in prison illegally. Construing the reply liberally, it appears that Mr. Mustafa is arguing pursuant to § 2244(d)(1)(D) that he was unaware of the factual predicate for his claims in this action until some time shortly before he filed his postconviction Rule 35(a) motion on November 7, 2007. Section 2244(d)(1)(D) provides that the one-year limitation period does not begin until the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although Mr. Mustafa may have been unaware of the factual predicate for his claims until some time shortly before filing his postconviction Rule 35(a) motion in November 2007, he fails to demonstrate that he could not have discovered the factual predicate for his claims through the exercise of due diligence prior to his guilty plea and sentencing in June 2005. Therefore, the Court finds that the one-year limitation period began to run on July 18, 2005, when Mr. Mustafa's conviction became final.

---

[1] The forty-fifth day after June 2, 2005, was July 17, 2005. However, July 17, 2005, was a Sunday. Therefore, the filing deadline extended until July 18, 2005. See C.A.R. 26(a).

5

The next question the Court must answer is whether the postconviction motions filed by Mr. Mustafa in state court tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See* **Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." **Gibson**, 232 F.3d at 804.

Respondents argue that neither of Mr. Mustafa's state court postconviction motions tolled the one-year limitation period. Respondents specifically argue that Mr.

6

Mustafa's motion for reconsideration and sentence reduction filed on October 5, 2005, did not toll the one-year limitation period because that motion, which was filed more than 120 days after the sentence was imposed, was not properly filed. *See* Colo. R. Crim. P. 35(b) (providing that a motion for reduction of sentence must be filed within 120 days after the sentence is imposed). However, Respondents have not provided the Court with a copy of any state court order denying Mr. Mustafa's motion for reconsideration and sentence reduction as untimely. Therefore, for the purposes of this order, the Court will assume the motion for reconsideration and sentence reduction was properly filed and that the one-year limitation period was tolled while that motion was pending. In any event, the seventy-eight days between July 18, 2005, when the one-year limitation period began to run, and October 5, 2005, when the postconviction motion for reconsideration and sentence reduction was filed, do count against the one-year limitation period.

Respondents contend that Mr. Mustafa's postconviction Rule 35(a) motion filed on November 7, 2007, did not toll the one-year limitation period because that motion was filed after the one-year limitation period already had expired. The Court agrees. Even assuming the one-year limitation period was tolled while Mr. Mustafa's postconviction motion for reconsideration and sentence reduction was pending, the tolling ended on December 12, 2005, when the time for appealing the trial court's October 26, 2005, order denying that motion expired. As discussed above, seventy-eight days of the one-year limitation period already had run at that time. The remaining 287 days then ran uninterrupted until the one-year limitation period expired on September 25, 2006. Because the one-year limitation period expired before Mr.

Mustafa filed his postconviction Rule 35(a) motion on November 7, 2007, that motion could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

Mr. Mustafa argues that this action is timely because his postconviction Rule 35(a) motion was timely under state law. However, the fact that the postconviction Rule 35(a) motion may have been timely under state law does not alter the Court's conclusion that the federal one-year limitation period commenced on July 18, 2005, and expired on September 25, 2006, more than a year before the postconviction Rule 35(a) motion was filed on November 7, 2007. Although a properly filed state court postconviction motion may toll the one-year limitation period pursuant to § 2244(d)(2), the simple fact that a postconviction motion is timely under state law does not commence a new one-year limitation period.

Finally, the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808 (10th Cir. 2000). However, simple excusable neglect is not

8

sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Mustafa fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Mustafa fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period. Because the Court will dismiss this action as time-barred, the Court need not consider Respondents' alternative argument that Mr. Mustafa failed to exhaust state remedies and that his claims are procedurally barred. Accordingly, it is

ORDERED that Applicant's second claim is dismissed on the merits and Applicant's first and third claims are dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 29 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00572-BNB

Alvin Abdullah Mustafa
Reg No. 126697
Centennial Corr. Facility
P.O. Box 600
Unit D2-15
Cañon City, CO 81215-0600

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk